McCALEB, Justice
(dissenting).
Inasmuch as I believe the indictment of appellant by the grand jury of St. Mary Parish to be a nullity, I do not reach the other bills relied on for a reversal of the conviction. I think it fundamental that one accused of crime in Louisiana must be indicted or informed against by the grand jury or the prosecuting officer of the parish in which the crime was committed. Section 9 of Article I of our Constitution provides, inter alia, “that all trials shall take place in the parish in which the offense was committed, unless the venue be changed;”. Since the indictment is the foundation of the prosecution for crime, it is implicit in *579 this constitutional provision that all indictments or bills of information be returned or filed in the court of the parish in which the crime was committed.
The majority view, that whenever venue of a criminal trial is changed and the prosecution is dismissed or terminated other than on the merits, a second prosecution against the accused for the same offense may be originated in the parish to which venue of the trial has been changed, is contrary to rudimentary principles of criminal procedure and does not conform with the above quoted provision of our Bill of Rights. For it overlooks the fact that the accused is entitled to be indicted by a grand jury of his peers selected without discrimination from the parish in which the crime was committed as the letter of the Constitution patently contemplates. See State v. Briwa, 198 La. 970, 5 So.2d 304, and cases there cited. This right may not be altered or revoked by the circumstance that the venue is subsequently changed to another parish in the absence of a statute authorizing such procedure. Surely, the language of Articles 209 and 296 of the 1928 Code of Criminal Procedure (R.S. 15:209 and 15 :296) cannot be stretched so as to provide such authority, as the majority opinion seeks to do.
While it may be true that there is diverse authority from other jurisdictions on this question, I find no basis under our Constitution and laws for deviation from the fundamental concept that an indictment charging crime must be returned in the parish where the crime was committed. Indeed, as succinctly stated in 27 Am.Jur., Indictments and Informations, Sec. 12, p. 595, “It is the universal rule, both at common law and under the Constitutions and statutes, in the absence of some statutory modification, that an indictment must be found by the grand jury of the county or district in which the offense was committed, although from a very early period many statutory exceptions to the general rule existed.”
I respectfuly dissent.